DAVID B. BARLOW, United States Attorney (#13117)
JACOB S. TAYLOR, Special Assistant United States Attorney (#10840)
ROBERT C. LUNNEN, Assistant United States Attorney (#4620)
TYLER L. MURRAY, Assistant United States Attorney (#10308)
Attorneys for the United States of America
348 East South Temple • Salt Lake City, Utah  84111
Telephone: (801) 524-3081 • Facsimile: (801) 524-4366

FILED
U.S. DISTRICT COURT

2012 DEC 19  ⊃ 5: 14

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| UNITED STATES OF AMERICA, | : | CASE NO. |
|---|---|---|
| Plaintiff, | : | INDICTMENT |
| vs. | : | VIO. |
|  | : | 21 U.S.C. § 841(a)(1), |
| ADEL AL-MUKAHEL and | : | CONSPIRACY TO DISTRIBUTE A |
| HANI AL-SAIMARI, |  | CONTROLLED SUBSTANCE |
|  |  | ANALOGUE |
| Defendants. | : | (Count 1, both defendants) |
|  | : | 21 U.S.C. § 841(a)(1), |
|  |  | CONSPIRACY TO DISTRIBUTE A |
|  | : | CONTROLLED SUBSTANCE |
|  |  | (Count 2, both defendants) |
|  | : |  |
|  |  | 21 U.S.C. § 841(a)(1), |
|  | : | POSSESSION OF A CONTROLLED |
|  |  | SUBSTANCE WITH INTENT TO |
|  | : | DISTRIBUTE |
|  |  | (Count 3, both defendants) |
|  | : |  |
|  |  | 18 U.S.C. § 1956(h), |
|  | : | CONSPIRACY TO COMMIT |
|  |  | MONEY LAUNDERING, |
|  | : | (Count 4, both defendants) |
|  |  |  |
|  | : | 18 U.S.C. § 1957(a), |
|  |  | MONEY LAUNDERING, |
|  |  | (Count 5, Adel Al-Mukahel) |

Case: 2:12-cr-00772
Assigned To : Shelby, Robert J.
Assign. Date : 12/19/2012
Description: USA v.

The Grand Jury charges:

## COUNT 1

Beginning on a date unknown but as early as March 1, 2011 and continuing to as late as July 8, 2012, in the District of Utah,

ADEL AL-MUKAHEL and HANI AL-SAIMARI,

the defendants herein, did knowingly and intentionally combine, conspire, confederate, and/or agree with others known and unknown to distribute a mixture or substance containing a detectable amount of synthetic canabanoid, JWH-018, or, "spice", a Schedule I controlled substance analogue as defined in 21 U.S.C. § 802(32), knowing that the substance was intended for human consumption as provided in 21 U.S.C. § 813, all in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846, and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 2

Beginning on a date as early as July 9, 2012 and continuing to as late as November 1, 2012, in the District of Utah,

ADEL AL-MUKAHEL and HANI AL-SAIMARI,

the defendants herein, did knowingly and intentionally combine, conspire, confederate, and/or agree with others known and unknown to distribute synthetic canabanoid JWH-018, or, "spice", a schedule I controlled substance within the meaning of 21 U.S.C. § 812, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846; and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 3

On or about November 1, 2012, in the District of Utah,

ADEL AL-MUKAHEL and HANI AL-SAIMARI,

the defendants herein, did knowingly and intentionally possess with intent to distribute synthetic canabanoid JWH-018, or, "spice", a schedule I controlled substance within the meaning of 21 U.S.C. § 812, and did aid and abet therein, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; and punishable pursuant to 21 U.S.C. § 841(b)(1)(C).

## COUNT 4

Beginning on a date unknown but at least by March 1, 2011 and continuing to at least November 1, 2012, in the District of Utah,

ADEL AL-MUKAHEL and HANI AL-SAIMARI,

the defendants herein, did knowingly, intentionally, and unlawfully combine, conspire, confederate, and/or agree with others known and unknown to the Grand Jury, to commit an offense against the United States in violation of 18 U.S.C. § 1956(h), to wit, money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), by knowingly conducting financial transactions affecting interstate and/or foreign commerce, such as, the commingling of drug proceeds, the deposits to bank accounts and safe deposit boxes, the cash deposits to bank accounts at or under $10,000, along with other financial transactions, and knowing that the transactions were designed in whole and in part to conceal and/or disguise the nature, location, source, ownership and/or control of the proceeds of the specified unlawful activity, specifically, the unlawful distribution of controlled substances and/or controlled substance analogues, in violation of 21

3

U.S.C. § 841(a)(1) and 21 U.S.C. § 846, and that while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity; and punishable pursuant to 18 U.S.C. § 1956(h).

## COUNT 5

On or about August 16, 2012, in the District of Utah,

### ADEL AL-MUKAHEL,

defendant herein, did knowingly engage and/or attempt to engage in a monetary transaction by, through and/or to a financial institution, affecting interstate and/or foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, a cash deposit of $40,000 into his JP Morgan Chase Bank personal account number xx2800, such property having been derived from a specified unlawful activity, specifically, the unlawful distribution of controlled substances and/or controlled substance analogues, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846; and punishable pursuant to 18 U.S.C. § 1957(a).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

1. The allegations contained in Counts 1 through 5 of this Indictment are hereby re-alleged and incorporated herein by reference for the purpose of alleging forfeitures pursuant to 21 U.S.C. § 853 and/or 18 U.S.C. § 982.

2. As a result of committing the felony offenses alleged in Counts 1 through 5 of this indictment which are punishable by imprisonment for more than one year, the above-named defendants shall forfeit to the United States pursuant to 21 U.S.C. § 853 and/or 18 U.S.C. § 982

any and all property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said felony offenses and any and all property, real and personal, used or intended to be used in any manner or part to commit and to facilitate the commission of a violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, 18 U.S.C. § 2, 18 U.S.C. § 2, 18 U.S.C. § 1956(a)(1)(B)(i), 18 U.S.C. § 1956(h), and/or 18 U.S.C. § 1957(a), and any property traceable thereto, to wit:

### Cash

- $5,552 U.S. currency, seized from the residence of Adel Al-Mukahel.
- $65,000 U.S. currency, seized from safety deposit box xx177 at Credit Union One, 3315 South Main Street, Salt Lake City, Utah.
- $100,000 U.S. currency, seized from safety deposit box xx7896 at JP Morgan Chase Bank, 4065 West 3500 South, West Valley City, Utah.

### Bank accounts

- Funds seized from JP Morgan Chase Bank personal savings account xx2800 in the amount of $5,025.06.
- Funds seized from JP Morgan Chase Bank checking account xx6343 in the amount of $869.33.
- Funds seized from JP Morgan Chase Bank business checking account xx3384 in the amount of $8,705.56.
- Funds seized from JP Morgan Chase Bank business checking account xx9847 in the amount of $16,316.29.

- Funds seized from Credit Union One regular shares account xx5575 in the amount of $14,545.64

**Substitute Assets**

If any of the above-described forfeitable property, as a result of any act or omission of the defendants,

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the court;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) and/or 18 U.S.C. § 982, to seek forfeiture of any other property of said defendants up to the value of the above-forfeitable property.

A TRUE BILL:

/S/
GRAND JURY FOREPERSON

DAVID B. BARLOW
United States Attorney

JACOB S. TAYLOR
Special Assistant United States Attorney

6